FILED
2026 Jun-18 PM 06:42
U.S. DISTRICT COURT
N.D. OF ALABAMA

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
NORTHEASTERN DIVISION**

| | | |
|---|---|---|
| **GARRY CHAPMAN,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **CIVIL ACTION NUMBER:** |
| | ) | **Case 5:26-cv-00084-HDM** |
| **CITY OF PRICEVILLE *et al.*** | ) | |
| | ) | |
| **Defendants.** | ) | |

# DEFENDANTS' REPLY BRIEF IN SUPPORT OF MOTION TO DISMISS

Defendants City of Priceville, Sam Heflin, Jerry Holmes, William W. Sanderson, and Jason Wigginton, by and through undersigned counsel, respectfully Reply to Plaintiff's Response in Opposition to Defendants' Motion to Dismiss the First Amended Complaint [Doc. 15] as follows:

## A. The First Amended Complaint Violates Rule 8 and Remains an Impermissible Shotgun Pleading.

Defendant's opening argument in Doc. 12 was that the First Amended Complaint ("FAC") violates Rule 8(a)(2)'s requirement of a short and plain statement of the claim and Rule 8(d)(1)'s requirement for each allegation to be simple, concise, and direct. [Doc. 12, p. 6]. Plaintiff's Response [Doc. 15] does not address Rule 8 at all.

Nor does Plaintiff respond to Defendants' argument concerning improper incorporation of prior allegations. In Count I, Plaintiff realleges and incorporates "the allegations in the preceding paragraphs," while Count IX incorporates "all preceding paragraphs." [Doc. 7 pp. 106, 162]. Defendants argued that *Weiland v. Palm Beach Cty. Sheriff's Office*, 792 F.3d 1313, 1321 (11th Cir. 2015) prohibits such incorporations. Plaintiff offers no response to that argument.

Plaintiff also fails to specify which of the defendants are responsible for which acts or omissions. For example, the FAC alleges collectively that "[o]n March 19, 2026, Defendants caused a GPS tracking device to be covertly reinstalled in Plaintiff's assigned patrol vehicle." [Doc. 7 ¶ 111]. Not only does this collective pleading violate *Weiland* (792 F.3d at 1323), but also Defendant Holmes's employment with Priceville ended November 3, 2025. [FAC ¶ 113]. He could not have been involved in installing a GPS device in March 2026.

Plaintiff identifies Assistant Chief Wilbanks as a "Responsible Defendant" for alleged misconduct [FAC p. 105] even though Wilbanks is not a defendant in this action. The FAC likewise intersperses legal argument, commentary, and conclusory and immaterial facts throughout its 179 pages.

Plaintiff's Response further demonstrates the problem. In arguing his *Monell* claim, Plaintiff cites FAC ¶¶ 106-111 and 240-249 for the proposition that Personnel Policy § 7.3.6.5(c) strips appellate review of authority to disturb hearing officer

findings and forbids an employee from contesting them. [Doc. 15, p. 26]. However, ¶¶ 106-111 of the FAC address no such thing, and ¶¶ 240-249 do not exist in the FAC, nor is Personnel Policy § 7.3.6.5(c) even mentioned in the FAC. The FAC is so sprawling that even Plaintiff's Response misstates its contents.

**B. Counts I and II Fail to State a First Amendment Retaliation Claim.**

Plaintiff's Response does not cure the First Amendment pleading deficiencies identified in Defendants' Brief. It never addresses *Alves v. Board of Regents*, 804 F.3d 1149 (11th Cir. 2015), the Eleventh Circuit authority cited by Defendants. In *Alves*, employees attempted to characterize internal complaints about agency leadership, management, and misconduct as speech on matters of public concern. The Eleventh Circuit rejected that argument, explaining that "the relevant inquiry is not whether the public would be *interested* in the topic of the speech at issue," but rather "whether the *purpose* of [the employee's] speech was to raise issues of public concern." *Id.* at 1167. Where the "main thrust" of the speech takes the form of a private employee grievance communicated through internal channels, the speech is not protected citizen speech. *Id.* at 1167-68.

The same is true here. The FAC alleges only internal reports and complaints. [FAC ¶¶ 1, 161]. Plaintiff attempts to transform those internal complaints into protected citizen speech by labeling them reports of corruption and misconduct, but under *Alves*, the mere fact that speech touches on topics that may be of public interest

does not transform employee speech into citizen speech. The Court must examine the form, context, and purpose of the speech. *Id.* at 1167-68. The Eleventh Circuit noted that the employees used an "internal channel" to communicate their concerns and "made no attempt to make their concerns public." *Id.* at 1168. According to the FAC, Plaintiff likewise reported his concerns internally through the chain of command. The FAC does not plausibly allege that Plaintiff was speaking as a citizen rather than as an employee performing his role within the Department.

Plaintiff's reliance on *Lane v. Franks*, 573 U.S. 228 (2014), is misplaced. *Lane* is expressly limited to truthful sworn testimony outside the employee's ordinary job responsibilities, and the Supreme Court specifically declined to address broader categories of employee speech. *Id.* at 238 n.4. None of Plaintiff's alleged protected speech is alleged to be sworn testimony and therefore *Lane* is inapplicable.

The FAC's allegations concerning the purported protected speech are also internally inconsistent and lack basic factual detail. ¶ 161 lists four examples of purported protected speech but identifies neither the dates on which the speech occurred nor the persons to whom it was made. Two of the four examples involve reports of purportedly "planned" misconduct rather than completed conduct. At ¶ 39, Plaintiff alleges that he engaged in protected speech concerning seizure funds on August 25, 2025, but on p. 103 he alleges this occurred in "Late June/Early July 2025." Moreover, at pp. 11-14 of Doc. 15, Plaintiff cites multiple FAC paragraphs

that do not contain the allegations attributed to them. Plaintiff invokes *Mt. Healthy City School District Board of Education v. Doyle*, 429 U.S. 274, 287 (1977), for a proposition it does not address, as *Mt. Healthy* does not address what constitutes a sufficient pleading as Plaintiff states on p. 13.

In any event, Plaintiff's own allegations establish that the speech at issue consisted of internal workplace complaints communicated through the chain of command, not protected citizen speech.

Plaintiff's argument that the City Council's Decision did not sever causation misquotes *Stimpson v. City of Tuscaloosa*, 186 F.3d 1328 (11th Cir. 1999) and at any rate is meritless. The FAC alleges that "the City Council recognized the inequity and reinstated [Plaintiff]" [¶ 3], and that he "has been reinstated in good standing by the Priceville City Council following a wrongful termination" [FAC ¶ 16]. Under Plaintiff's own version of events, the Council "recognized the inequity" and reinstated the Plaintiff "in good standing," thereby defeating any argument that it was a conduit for another person's retaliatory animus.

Plaintiff's alleged speech was employee speech, not protected citizen speech, and at any rate Plaintiff's own allegations establish that the City Council exercised independent judgment and reinstated him. Accordingly, Counts I and II should be dismissed.

**C. Count III Fails to State an Equal Protection Claim.**

The class of one theory of equal protection does not apply in the public employment context. *Engquist v. Oregon Dep't of Agriculture*, 553 U.S. 591, 598 (2008). That categorical bar disposes of Count III.

Even if *Engquist* did not apply, Plaintiff's similarly situated argument fails on the pleadings. Plaintiff cites *Griffin Indus., Inc. v. Irvin*, 496 F.3d 1189, 1204–06 (11th Cir. 2007), for the proposition that similarly situated analysis cannot be resolved on a motion to dismiss. *Griffin* stands for precisely the opposite proposition. The Eleventh Circuit reversed the district court's denial of a motion to dismiss, held that the plaintiff failed to state a class of one claim because its own complaint showed it was not similarly situated to its comparator, and held the defendants were entitled to qualified immunity, all on the pleadings. 496 F.3d at 1206-08, 1210. Here, as in *Griffin*, Plaintiff's own allegations defeat the similarly situated requirement. None of his identified comparators were involved in a pursuit resulting in a fatality and subjected to the same disciplinary process.

The Marrache, Wilbanks, and Jones affidavits are outside the pleadings and not properly before the Court. They are the subject of a contemporaneously filed Objection and Motion to Strike or Exclude.

**D. Count IV, Fourteenth Amendment Procedural Due Process, Fails as a Matter of Law.**

Plaintiff's own allegations establish that he received a pre-disciplinary hearing, review by the City Council, and reinstatement, and judicial review in state court. [¶¶ 3, 6, 48]. Indeed, Plaintiff is actively pursuing certiorari review of the disciplinary proceedings. Because he was reinstated and is pursuing state review, he is foreclosed from pursuing a procedural due process claim under *McKinney v. Pate*, 20 F.3d 1550 (11th Cir. 1994) (en banc).

**E. Count V Fails to State a Stigma-Plus Liberty Interest Claim.**

In order to prove deprivation of an individual's liberty interest has occurred without due process of law, a plaintiff must prove: (1) a false statement (2) of a stigmatizing nature (3) **attending a governmental employee's discharge** (4) made public (5) by the governmental employer (6) without a meaningful opportunity for employee name clearing. *Buxton v. Plant City*, 871 F.2d 1037, 1042-43 (11th Cir. 1989) (emphasis added).[1] At least three elements are missing. Chapman was reinstated and therefore the discharge element is not satisfied. Further, he has not identified a false statement. And, he received a pre-termination hearing and a hearing before the City Council and continues to prosecute a Petition for Writ of Mandamus

[1] Plaintiff argues at Doc. 15, p. 22 that *Buxton* "recognized stigma-plus where stigmatizing statements were disseminated in connection with an actual termination that was later reversed." However, *Buxton* did not involve a termination that was later reversed.

in State Court. The sixth element is not satisfied because he has received a meaningful opportunity for name clearing.

Count V is due to be dismissed.

**F. Count VI Fails to State a Civil Conspiracy Claim.**

Plaintiff has failed to plausibly allege any of the elements of civil conspiracy and his Response does nothing to elucidate the vague and conclusory allegations which are insufficient under *Iqbal*.[2]

Because Plaintiff has failed to plausibly allege the deprivation of a constitutional right, the conspiracy claim fails at the threshold. "[T]o sustain a conspiracy action under § 1983 . . . a plaintiff must show an underlying actual denial of [his] constitutional rights." *Hadley v. Gutierrez*, 526 F.3d 1324, 1332 (11th Cir. 2008). That failure alone defeats Count VI, without reaching the intracorporate conspiracy doctrine or any other defense.

Plaintiff's citation to *McAndrew v. Lockheed Martin Corp.*, 206 F.3d 1031 (11th Cir. 2000) (en banc) is unavailing. The instant case alleges a civil conspiracy under 42 U.S.C.S. § 1983 (Count VI), not a criminal conspiracy under 42 U.S.C.S. § 1985(2) as alleged in *McAndrew*. *McAndrew* held that the intracorporate

[2] Doc. 15's citations to the FAC in this section are repeatedly inaccurate and include citations to paragraphs in the FAC that do not exist. For example, on pp. 24 and 25, Plaintiff references ¶¶ 266, 274(e), and 274(f), which are non-existent in the FAC.

conspiracy doctrine did not apply to criminal conspiracies. *Id.* at 1035. That finding has no application to the civil conspiracy alleged here.

Plaintiff cites *McAndrew* for the proposition that an outside lawyer who joins with City officials to deprive a plaintiff of constitutional rights is a third actor, and that this fact defeats the intracorporate defense at the pleading stage. [Doc. 15 p. 24]. The problem is that *McAndrew* says no such thing. Outside counsel is not mentioned anywhere in the opinion.

Plaintiff argues that Defendants Holmes, Heflin, and Wigginton acted out of personal or political motives instead of in the interest of the City, triggering the personal stake exception to the intracorporate conspiracy doctrine. That exception has never been adopted by the Eleventh Circuit. Although *Grider v. City of Auburn*, 618 F.3d 1240, 1262 (11th Cir. 2010) and *Dickerson v. Alachua Cty. Comm'n*, 200 F.3d 761, 770 (11th Cir. 2000) acknowledge that other circuits have recognized it, Plaintiff has cited no Eleventh Circuit case finding a personal stake exception.

Count VI should be dismissed.

### G. Count VII Fails to State a *Monell* Claim.

A municipality cannot be liable under *Monell* absent an underlying constitutional violation. *See Davilmar v. City of Stuart*, No. 25-14406-CIV-CAN, 2026 U.S. Dist. LEXIS 132742, at *18 (S.D. Fla. June 15, 2026). Because Plaintiff

has failed to plausibly allege an underlying constitutional violation, his *Monell* claim necessarily fails.[3]

Count VII remains a collection of vague and conclusory assertions that does not plausibly identify a municipal policy or custom that was the moving force behind a constitutional violation.

Plaintiff's arguments on pp. 26-27 that Personnel Policy § 7.3.6.5(c) "strips appellate review of authority to disturb the hearing officer's findings and forbids the employee from contesting them" and that "[t]he Mayor likewise possesses final, unreviewable authority over termination" is directly refuted by the allegations in the FAC showing that "the City Council recognized the inequity and reinstated him" [Doc. 7 ¶ 3] and that Plaintiff "has been reinstated in good standing by the Priceville City Council following a wrongful termination." [Doc. 7 ¶ 16].

Count VII should be dismissed.

**H. The Individual Defendants Are Entitled to Qualified Immunity.**

Plaintiff's Response [Doc. 15] provides general legal principles relative to Qualified Immunity but does not address Defendant's arguments. Because the FAC fails to plausibly allege a constitutional violation, the individual defendants are

[3] On p. 12 of Doc. 15, Plaintiff alleges that the FAC identifies "identifies the constitutional rights violated." Plaintiff cites to ¶¶ 106-11 and 240-49 of the FAC. However, the citations to ¶¶ 106-11 are inaccurate, and ¶¶ 240 to 249 do not exist in the FAC. Plaintiff relies extensively on Personnel Policy § 7.3.6.5(c) as support for his *Monell*, due process, and causation arguments, but Personnel Policy § 7.3.6.5(c) appears nowhere in the FAC.

entitled to qualified immunity for that reason alone. Plaintiff did not respond at all to Defendants' argument that the FAC fails to establish that the individual Defendants violated a right secured by the constitution that was "clearly established" at the time of the incident. [Doc. 12 p. 15]. That argument stands unrefuted. "When an argument is made that a claim is subject to dismissal and the non-moving party fails to respond to such argument, that claim is deemed abandoned." *Williams v. Giardino*, No. 8:25-cv-1140-SPF, 2025 U.S. Dist. LEXIS 199387, at *4 (M.D. Fla. Oct. 8, 2025)

**I. The Claims against Sanderson Fail.**

Plaintiff alleges Defendant Sanderson presided over the post-deprivation hearing. [Doc. 15, pp. 8-9]. However, the FAC states that Councilman Duran was "the acting presiding official of the City's legislative body during these proceedings." [Doc. 7 ¶ 124]. Plaintiff's allegation that Defendant Sanderson and Mayor Heflin engineered a pre-determined outcome [Doc. 15, pp. 8-9] conflicts with the FAC which states that the City Council "recognized the inequity and reinstated [Plaintiff]." [Doc. 7 ¶ 3].

Defendant Sanderson "was at all relevant times the City Attorney for the City of Priceville." [Doc. 7 ¶ 20]. Private attorneys performing traditional legal functions as counsel do not act under color of state law. *Polk Cty. v. Dodson*, 454 U.S. 312, 325, 102 S. Ct. 445, 453 (1981). Because Plaintiff's allegations against Sanderson

arise from his role as the City's attorney, they do not give rise to liability under 42 U.S.C. § 1983.

Conversely, if Sanderson is deemed a state actor for purposes of Plaintiff's § 1983 claims, he is entitled to qualified immunity for the reasons discussed above. Plaintiff's allegations therefore fail either way. The claims against Defendant Sanderson are due to be dismissed.

**J. The Individual Defendants Are Entitled to State Agent Immunity.**

The conduct challenged in the FAC falls squarely within categories protected by *Ex parte Cranman*, 792 So. 2d 392 (Ala. 2000), including administrative adjudications, personnel decisions, allocation of resources, and supervision of employees. Plaintiff responds by invoking the *Cranman* exceptions, but merely reciting those exceptions is insufficient. This Court applies the federal pleading standard under *Iqbal* and *Twombly*, which requires factual allegations plausibly supporting each element of a claim. Vague and conclusory labels of malice, bad faith, and political motivation do not satisfy that standard.

The state law claims against the individual defendants should be dismissed.

**K. Count VIII Fails to State a Claim for Tortious Interference.**

While Plaintiff's Response alleges the Defendants knew that Plaintiff was applying for outside law enforcement work [Doc. 15, p.28], the FAC contains no such allegation. Specifically, it does not allege that any Defendant knew Plaintiff

was applying for outside law enforcement work. A defendant cannot intentionally interfere with a prospective relationship he does not know exists. This pleading deficiency is fatal to Count VIII.

Further, Plaintiff asks the Court to assume that identified employers declined to hire him because of actions taken by Defendants but alleges no facts showing why those employers made their hiring decisions or what information they actually considered. The assertion that Defendants' conduct caused those employment decisions is speculative and conclusory.

Count VIII should be dismissed.

### L. Count IX Fails to State a Claim for Breach of Contract.

The FAC does not plausibly allege the existence of an enforceable contract, nor does it plausibly allege the breach of any contract. The notion that a Privacy Act notice constitutes an enforceable contract strains credulity. Moreover, Count IX improperly realleges and incorporates all preceding paragraphs in violation of *Weiland*. The FAC contains only conclusory assertions regarding the disclosure and does not plausibly establish a contractual breach by the City.

Because Plaintiff has failed to plausibly allege the existence of an enforceable contract or breach, Count IX should be dismissed.[4]

---

[4] Plaintiff cites *City of Prichard v. Kelley*, 292 Ala. 385, 295 So. 2d 414 (1974) and Alabama Code § 11-47-190 for the proposition that municipal immunity does not extend to a city's breach of its own express written promise. [Doc. 15 p. 29]. However, that case does not appear to exist. And § 11-47-190 says no such thing. Plaintiff also cites *Williams v. City of Anniston*, 396 So. 2d

**M. Count X Fails to State a Defamation Claim.**

The elements of a defamation claim are: (1) a false and defamatory statement concerning the plaintiff; (2) an unprivileged communication of that statement to a third party; (3) fault amounting to at least negligence; and (4) either actionability irrespective of special harm or the existence of special harm caused by the publication. *Wal-Mart Stores, Inc. v. Smitherman*, 872 So. 2d 833, 840 (Ala. 2000). Count X fails on multiple elements.

The FAC identifies only one specific quoted statement, that Plaintiff showed "no remorse," which appeared in Mayor Heflin's Certification of Findings. [Doc. 7 ¶ 51]. Plaintiff does not dispute that this statement was made in the course of a quasi-judicial proceeding. [Doc. 15 p. 30]. Statements made in quasi-judicial proceedings are absolutely privileged under Alabama law. *Webster v. Byrd*, 494 So. 2d 31 (Ala. 1986).

The FAC passively alleges that the finding "was published to national and international media." [Doc. 7 ¶ 204]. No publisher is identified, no date is alleged, and no means of publication is described. The FAC does not allege that any media outlet actually republished the "no remorse" statement. That does not satisfy *Iqbal*

707, 708 (Ala. Civ. App. 1981), for the scope of Alabama certiorari review. That case also does not appear to exist. The reporter volume and page number correspond to a Florida case, not an Alabama certiorari decision.

and *Twombly*. Mayor Heflin's alleged statement that the phrase was "bad wording" is not an admission of falsity or malice. [Doc. 7 ¶ 204].

The "no remorse" characterization is also non-actionable opinion. Whether someone displayed remorse is inherently evaluative and subjective.

Although Count X refers vaguely to other unspecified characterizations and implications, no other specific defamatory statement is identified anywhere in the FAC. Conclusory references to unspecified characterizations are not statements and do not satisfy federal pleading standards.

Count X should be dismissed.

## CONCLUSION

For the foregoing reasons, and those stated in Defendants' Motion to Dismiss and Brief in Support thereof [Docs. 11 and 12], the First Amended Complaint should be dismissed in its entirety.

Respectfully submitted,

/s/ James W. Porter, II
James W. Porter, II
Donald M. Harrison, III
Attorneys for Defendants

**OF COUNSEL:**
Porter, Porter & Hassinger, P.C.
880 Montclair Road, Suite 175
Birmingham, Alabama 35213
(205) 322-1744
jwporterii@pphlaw.net
dharrison@pphlaw.net

**CERTIFICATE OF SERVICE**

I certify that a copy of the foregoing has been ***electronically filed*** with the Clerk of the Court using the CM/ECF filing system, which will provide notice to all counsel of record. For any party not served by CM/ECF, a copy will be served via electronic mail and/or by the U.S. Mail on this the 18th day of June 2026.

/s/ James W. Porter, II
OF COUNSEL