## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ALABAMA
## NORTHEASTERN DIVISION

**GARRY CHAPMAN,**

> **Plaintiff**,

**v.**

**CITY OF PRICEVILLE,** *et al.*,

> **Defendants**.

**Case No. 5:26-cv-84-HDM**

### MEMORANDUM OPINION AND ORDER

This case is before the court on Defendants' Motion to Dismiss Plaintiff Garry Chapman's First Amended Complaint. (Doc. 11). Because the Amended Complaint is a shotgun pleading, Defendants' motion is **GRANTED**.

### BACKGROUND

Chapman was hired as a police officer with the City of Priceville Police Department on January 28, 2025, and completed his six-month probationary period on July 28, 2025. (Doc. 7, ¶¶ 25, 195). Beginning in mid-June 2025, Chapman began reporting misuse of assets and other misconduct within the police department. *Id.*, ¶¶ 1–2, 159. On September 6, 2025, Plaintiff initiated a vehicle pursuit of a suspected impaired driver which ended when the fleeing suspect collided with another vehicle, resulting in one fatality and injuries to others. *Id.*, ¶ 41. Following the incident, the

City of Priceville initiated an investigation and disciplinary proceedings that ultimately resulted in Chapman's termination. *Id.*, ¶ 159. Chapman appealed his termination to the Priceville City Council, which reinstated him with some restrictions and a 10-shift suspension. *Id.* ¶ 86. Both during the investigation and after Chapman's reinstatement, Defendants allegedly undertook various retaliatory actions against him for having reported wrongdoing within the department. *Id.*, ¶¶ 1–5.

As a result, Chapman sued the City of Priceville, Mayor Sam Heflin, former Priceville Police Chief Jerry Holmes, Priceville City Attorney William Sanderson, and former Priceville police sergeant Jason Wigginton, now the Priceville Police Chief, alleging a host of federal civil-rights claims under 42 U.S.C. § 1983 as well as three state-law claims. (Doc. 7). Defendants now collectively move to dismiss the complaint. (Doc. 11).

### LEGAL STANDARD

Rule 8 requires that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks omitted). "Conclusory allegations, unwarranted deductions of facts or legal conclusions masquerading as

facts will not prevent dismissal." *Wiersum v. U.S. Bank, N.A.*, 785 F.3d 483, 485 (11th Cir. 2015) (internal quotation marks and brackets omitted). Similarly, a formulaic recitation of the elements of a cause of action is inadequate. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

Rule 8 also states that "[e]ach allegation must be simple, concise, and direct." Fed. R. Civ. P. 8(d)(1). Similarly, Rule 10 directs that "[i]f doing so would promote clarity, each claim founded on a separate transaction or occurrence . . . must be stated in a separate count." Fed. R. Civ. P. 10(b). Accordingly, a pleading will not survive a motion to dismiss if it lumps multiple claims and allegations together in a vague, disorganized manner, making it difficult to tell which facts support which legal claims or which defendant is responsible for what action. *See Weiland v. Palm Beach Cnty. Sheriff's Off.*, 792 F.3d 1313, 1321–23 (11th Cir. 2015). Pleadings that violate these rules are "disparagingly referred to as 'shotgun pleadings.'" *Id.* at 1320. The Eleventh Circuit has "little tolerance" for such pleadings, since they "waste scarce judicial resources, inexorably broaden[] the scope of discovery, wreak havoc on appellate court dockets, and undermine[] the public's respect for the courts." *Vibe Micro, Inc. v. Shabanets*, 878 F.3d 1291, 1295 (11th Cir. 2018) (internal quotation marks omitted).

## DISCUSSION

Defendants move to dismiss Chapman's complaint for a host of reasons, the first of which is that Chapman's complaint is an impermissible shotgun pleading. (Doc. 11 at 1). Specifically, Defendants argue that Chapman's 179-page complaint is neither short nor plain because it incorporates preceding paragraphs en masse in violation of *Weiland*, is generally confusing and difficult to parse, even going so far as to make allegations against a non-party whom it identifies as a defendant, and fails to specify which of the defendants are responsible for which acts or omissions. (doc. 12 at 7).

Chapman responds that the complaint is not a shotgun pleading because "length is not a shotgun defect" and "each Count identified the specific defendant(s), the legal theory, and the specific conduct (by date, act, and actor) alleged to violate it." (Doc. 15 at 7–8).

Shotgun complaints generally come in four flavors. *See Weiland*, 792 F.3d at 1321. As the Eleventh Circuit has recognized, these categories generally include:

> [1] a complaint containing multiple counts where each count adopts the allegations of all preceding counts, causing each successive count to carry all that came before and the last count to be a combination of the entire complaint[;] . . . [2] a complaint . . . replete with conclusory, vague, and immaterial facts not obviously connected to any particular cause of action[;] . . . [3] one that commits the sin of not separating into a different count each cause of action or claim for relief; and [4] [a pleading that] assert[s] multiple claims against multiple defendants without specifying which of the defendants are responsible for which

4

acts or omissions, or which of the defendants the claim is brought against.

*Id.* at 1321–23. "The unifying characteristic of all types of shotgun pleadings is that they fail to one degree or another, and in one way or another, to give the defendants adequate notice of the claims against them and the grounds upon which each claim rests." *Id.* at 1323. When faced with such a pleading, a defendant should not answer the complaint, as doing so would lead to chaos in discovery. *See Paylor v. Hartford Fire Ins. Co.*, 748 F.3d 1117, 1126–27 (11th Cir. 2014). Rather, the Eleventh Circuit has stressed that a district court must strike such a pleading, even where a defendant has not requested as much. *See Jackson v. Bank of Am., N.A.*, 898 F.3d 1348, 1357–58 (11th Cir. 2018).

Upon looking at Chapman's First Amended Complaint, it is a "statement of the obvious" that it is an impermissible shotgun pleading and must, therefore, be dismissed.[1] *See Brady v. City of Huntsville, Ala.*, No. 5:25-cv-739, 2026 WL 926525, at *6 (N.D. Ala. Apr. 6, 2026) (dismissing a 130-page complaint as a shotgun pleading).

Chapman's complaint bears several hallmarks of a shotgun pleading. First, Chapman commits the "mortal sin" of having certain counts adopt the unrelated allegations of all preceding counts. *Weiland*, 792 F.3d at 1321–22. Count I (violation

---

[1] Accordingly, the court will not address the other arguments raised by Defendants in their motion to dismiss.

of the Free-Speech Clause of the First Amendment) expressly incorporates all 159 preceding paragraphs of preliminary, jurisdictional, party, and factual allegations, regardless of whether each incorporated paragraph relates to Count I. (Doc. 7 at 106). Likewise, Count IX (breach of contract) expressly incorporates all preceding paragraphs, which extend through paragraph 234 and include the paragraphs contained in each preceding count.[2] *Id.* at 162. Chapman's breach of contract claim relates to Defendants' alleged release of Chapman's personal information to the media, which Chapman claims was in violation of his employment contract with the City of Priceville. *Id.* at 162–67. Yet this claim for breach of contract expressly incorporates allegations of free-speech violations, *id.* at 106–18, whistleblower retaliation, *id.* at 118–22, violations of the Equal Protection Clause, *id.* at 122–28, violations of procedural due process, *id.* at 128–42, civil conspiracy, *id.* at 142–46, *Monell* liability, *id.* at 146–58, and tortious interference, *id.* at 158–61. Very few of the incorporated paragraphs have anything to do with whether the elements of breach of contract are satisfied. This provides grounds for dismissal as a shotgun pleading. *See Johnson Enters. of Jacksonville, Inc. v. FPL Grp., Inc.*, 162 F.3d 1290, 1333 (11th Cir. 1998) (stating that impermissible shotgun pleadings "invariably begin with a long list of general allegations, most of which are immaterial to most of the

---

[2] Count IX begins with a paragraph numbered 211 despite following paragraph 234.

6

claims for relief" and then "[t]he general allegations are incorporated by reference into each count of the complaint").

Furthermore, Chapman's complaint commits the "venial sin of being replete with conclusory, vague, and immaterial facts not obviously connected to any particular cause of action." *Weiland*, 792 F.3d at 1322. Despite the complaint's inclusion of 159 paragraphs of preliminary, jurisdictional, party, and factual allegations, Counts II through VIII and Count X do not incorporate a single one of those paragraphs. (Doc. 7). The court and Defendants are left to wonder whether any of the factual allegations before the count are actually part of the count, and, if so, which ones? *See Chudasama v. Mazda Motor Corp.*, 123 F.3d 1353, 1359 n.9 (11th Cir. 1997). This court has "neither the manpower nor the time to sift through a morass of irrelevant facts in order to piece together claims for plaintiff's counsel." *Barmapov v. Amuial*, 986 F.3d 1321, 1327–28 (11th Cir. 2021) (Tjoflat, J., concurring).

Because these paragraphs are either incorporated into counts en masse—despite many of those allegations pertaining to different defendants and different theories of liability—or not at all—despite the counts seeming to rely on previously-alleged facts—a reader of the complaint "must speculate as to which factual allegations pertain to which count." *Chudasama*, 123 F.3d at 1359 n.9. The confusion resulting from this disorganized style of pleading renders the complaint a

shotgun pleading. *See, e.g., Id.* (finding a complaint was "an all-too-typical shotgun pleading" where each count incorporated by reference all forty-three paragraphs of factual allegations, many of which related to only one or two counts); *Frantz v. Walled*, 513 F. App'x 815, 821 (11th Cir. 2013) ("The amended complaint's failure to link factual allegations to specific counts makes it a quintessential shotgun pleading."); *Barmapov*, 986 F.3d at 1325 (finding a pleading that "indiscriminately incorporate[d] and repeat[ed] 249 numbered paragraphs of factual allegations—spanning fifty pages—into nine of the nineteen counts, without any effort to connect or separate which of those 249 factual allegations relate[d] to a particular count," was a shotgun complaint); *Embree v. Wyndham Worldwide Corp.*, 779 F. App'x 658, 662–64 (11th Cir. 2019) (affirming a district court's dismissal of a complaint as a shotgun pleading where it "did not incorporate any of the preceding general allegations into each count"); *Jackson*, 898 F.3d at 1356 (describing as an "incomprehensible shotgun pleading" a complaint which makes "it nearly impossible for Defendants and the Court to determine with any certainty which factual allegations give rise to which claims for relief"); *Holton v. Fla. Dep't of Child. & Fams.*, No. 8:25-cv-1648, 2026 WL 850564, at *2 (M.D. Fla. Mar. 27, 2026) ("Plaintiff's Amended Complaint again constitutes a shotgun pleading because it fails to incorporate any, let alone the applicable, factual allegations into each count.").

8

Finally, Chapman commits the "relatively rare sin" of repeatedly failing to specify which of the defendants are responsible for which acts or omissions. *Weiland*, 792 F.3d at 1322. For example, the Amended Complaint alleges that "[o]n March 19, 2026, Defendants caused a GPS tracking device to be covertly reinstalled in Plaintiff's assigned patrol vehicle." (Doc. 7, ¶ 111). Yet Defendant Holmes's employment with the City of Priceville ended on November 3, 2025, *id.*, ¶ 113, meaning he could not have been involved in installing a GPS device in March 2026. Similarly, the Amended Complaint identifies Assistant Chief Wilbanks as one of the "Responsible Defendants" for alleged misconduct, (doc. 7, ¶ 159), even though Wilbanks is not a defendant in this action, adding to the sense that defendants are being included in allegations with little regard for their actual participation in the events in question.

Chapman's complaint is replete with such examples, and it is precisely because such pleadings are so imprecise—sometimes, as here, to the point of impossibility—that the Eleventh Circuit, along with this court, demand better. *See Weiland*, 792 F.3d at 1323.

For all the reasons above, Chapman's complaint is an impermissible shotgun pleading.

9

## CONCLUSION

"In dismissing a shotgun complaint for noncompliance with Rule 8(a), a district court must give the plaintiff one chance to remedy such deficiencies." *Jackson v. Bank of Am., N.A.*, 898 F.3d 1348, 1358 (11th Cir. 2018) (internal quotation marks omitted). Chapman has already filed one Amended Complaint. (*See* Doc. 7). Yet the court will give Chapman one more opportunity to file a complaint that complies with Rule 8. Accordingly, Defendants' Motion to Dismiss, (doc. 11), is **GRANTED**, and Chapman's Amended Complaint is **DISMISSED WITHOUT PREJUDICE**. Chapman has until **August 14, 2026**, to file a second amended complaint. If Chapman fails to do so by that date, the court will direct the Clerk of Court to close this case without further notice.

Because the court dismisses the Amended Complaint as a shotgun pleading, it need not reach the parties' merits arguments. Accordingly, Defendants' Motion to Strike the affidavits attached to Chapman's response to Defendants' Motion to Dismiss, (doc. 29), is **DENIED AS MOOT**.

**DONE** and **ORDERED** on July 30, 2026.

**HAROLD D. MOOTY III**
UNITED STATES DISTRICT JUDGE

10